NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1839-15T2
FRANK BLAICHMAN,

 Plaintiff-Respondent,

v.

JACK POMERANC,

 Defendant-Appellant.

________________________________________________________________

 Argued March 21, 2017 – Decided July 12, 2017

 Before Judges Rothstadt and Sumners.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Bergen County,
 Docket No. C-118-15.

 Charles X. Gormally argued the cause for
 appellant (Brach Eichler, LLC, attorneys; Mr.
 Gormally and Thomas Kamvosoulis, of counsel
 and on the briefs).

 Laurence B. Orloff argued the cause for
 respondent (Orloff, Lowenbach, Stifelman &
 Siegel, P.A., attorneys; Mr. Orloff of
 counsel; Xiao Sun, on the brief).

PER CURIAM

 Defendant Jack Pomeranc appeals from the Chancery Division's

denial of his motion for an order awarding counsel fees. He filed

the motion after the court dismissed his brother-in-law plaintiff
Frank Blaichman's complaint to vacate an arbitrator's

interlocutory awards and to terminate the arbitration of the

parties' dispute over the management and control of their real

estate entities. Judge Menelaos W. Toskos denied the motion after

he found the parties did not enter into any agreement that allowed

for an award of fees in the litigation, despite defendant's

contention that an earlier order entered in the arbitration

satisfied that requirement. On appeal, defendant argues that he

was entitled to fees under the "New Jersey Arbitration Act [(Act),

N.J.S.A. 2A:23B-1 to -32] and controlling case law," and,

therefore, the judge's denial of his fee application was contrary

to public policy and an abuse of discretion. According to

defendant, a case management order entered in the arbitration

provided the legal basis for an award of fees. We disagree and

affirm substantially for the reasons stated by Judge Toskos in his

comprehensive written decision.

 The material facts as stated in the motion record were not

in dispute and are summarized as follows. The parties were

partners in several limited partnerships that owned, developed,

and managed residential real estate. After they operated their

entities for years without any issues, a dispute developed between

the two partners. With an eye toward resolving the dispute, the

parties entered into an agreement regarding the management and

 2 A-1839-15T2
operation of their limited partnerships. The agreement, denoted

a settlement agreement, was signed by the two in 2007. The

negotiated "peace" between the parties lasted for a few years, but

eventually dissolved leading to litigation that began in

approximately 2012.

 Upon the filing of the 2012 litigation by plaintiff, each

party sought the entry of restraints to keep the other from being

involved in the operation of their entities. After the court

denied their applications, the parties entered into an agreement

on December 19, 2012 to arbitrate their dispute. Their arbitration

agreement named an attorney – Paul A. Rowe – as the arbitrator and

identified the scope of the anticipated arbitration. The agreement

made no provision for any type of fee shifting or award of

attorneys fees to either party.

 During the course of the lengthy arbitration, the arbitrator

entered a case management order (Management Order) that addressed

counsel fees. He entered the order after giving both parties the

ability to comment on a proposed draft. The Management Order

specifically provided that if the arbitrator had to decide a motion

to enforce the terms of the order, "the non-prevailing party shall

be responsible to pay . . . the reasonable counsel fees and costs

incurred by the prevailing party as determined by the

[a]rbitrator."

 3 A-1839-15T2
 A year later, the arbitrator was confronted with a dispute

about plaintiff's compliance with the Management Order. After he

conducted a lengthy hearing, the arbitrator issued a decision in

October 2014 finding that plaintiff violated the order, and in a

subsequent order, he awarded $137,042.97 in fees and costs to

defendant.

 In April 2015, plaintiff filed this action in the Chancery

Division, challenging two of the arbitrator's awards and seeking

to terminate the arbitration. In response, defendant moved to

confirm the arbitrator's decisions. On August 28, 2015, Judge

Toskos denied any relief to plaintiff, dismissed the complaint,

and also confirmed the arbitrator's awards. Defendant filed a

subsequent application seeking an award of counsel fees and costs

in which he relied upon the fee-shifting provision of the

Management Order and the Act, N.J.S.A. 2A:23B-25(c). Plaintiff

opposed the motion, and after considering oral argument on October

23, 2015, Judge Toskos denied the motion on November 18, 2015,

setting forth his reasons in a written decision.

 In his decision, Judge Toskos summarized the history of the

parties' dispute, the arbitration, and the dismissal of the

plaintiff's action. He explained each party's contentions

regarding defendant's claim for fees and explained the applicable

law. Relying upon our decision in Rock Work Inc. v. Pulaski

 4 A-1839-15T2
Construction Co., Inc., 396 N.J. Super. 344 (App. Div. 2007),

certif. denied, 194 N.J. 272 (2008), the judge concluded that the

fee-shifting provision in the Management Order did not constitute

an express agreement between the parties that would support an

award of fees to the prevailing party in the litigation. He found

that the Management Order limited an award of fees to enforcement

proceedings only within the arbitration. The judge concluded by

stating:

 Here, there was no such express fee-shifting
 agreement. To find such an agreement the
 [c]ourt would need to read into the Management
 Order additional language demonstrating the
 parties agreed to the award of counsel fees
 in the event of an appeal or other judgment
 confirmation of the Arbitration. Stated
 differently, to grant [d]efendant attorney's
 fees in connection with the judicial
 proceeding, the [c]ourt would need to infer
 that the Management Order language expressly
 reflects an agreement between the parties
 whereby the parties contemplated and agreed
 that attorney's fees be awarded to the
 prevailing party during this court proceeding.
 Defendant has not demonstrated that such an
 agreement exists. Had the parties intended
 for the fee-shifting arrangement to extend to
 [the] entirety of the litigation, the parties
 could have fashioned such an agreement.
 Absent such an agreement, the [c]ourt may not
 award [d]efendant's attorney's fees in
 connection with this proceeding.

 We begin our review by observing that the decision to award

attorney's fees is discretionary, and we therefore apply an abuse-

of-discretion standard of review. Packard-Bamberger & Co. v.

 5 A-1839-15T2
Collier, 167 N.J. 427, 444 (2001). "We will disturb a trial

court's determination on counsel fees only on the 'rarest

occasion,' and then only because of a clear abuse of discretion."

Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). A court

has abused its discretion "if the discretionary act was not

premised upon consideration of all relevant factors, was based

upon consideration of irrelevant or inappropriate factors, or

amounts to a clear error in judgment." Masone v. Levine, 382 N.J.

Super. 181, 193 (App. Div. 2005). We discern no abuse of

discretion here.

 N.J.S.A. 2A:23B-21(b) allows an arbitrator to award counsel

fees authorized by statute or the parties' agreement. N.J.S.A.

2A:23B-25(c) authorizes a court to award reasonable attorney's

fees and other reasonable expenses of litigation to the prevailing

party when judgment is entered confirming an arbitration award.

The same principles that guide a court's determination of

attorney's fees as to the arbitration proceedings applies to post-

judgment award of fees. Absent an express agreement between the

parties for the award of attorney's fees or statutory

justification, the "American Rule will prevail," prohibiting the

shifting of fees. Rock Work, supra, 396 N.J. Super. at 357. For

that reason, we have interpreted N.J.S.A. 2A:23B-25(c) as

authorizing an award of attorney's fees to the prevailing party

 6 A-1839-15T2
only in those instances where the parties' underlying contract or

agreement specified that the party who prevailed in the arbitration

would be entitled to an award of attorney's fees in the ensuing

litigation. Id. at 355-57 (concluding that even though "the

Arbitration Act does not use the term 'expressly,' . . . it would

appear that the [] Act requires an express contract").

 Here, the arbitration agreement did not provide for fee-

shifting and the Management Order was not an agreement. Even if

it was, the agreement only extended to motions to enforce the

terms of that order within the arbitration. There was no express

agreement for fee-shifting relative to any ensuing litigation.

Defendant's contentions to the contrary in which he relies upon

an alleged collaborative effort in forming the Management Order

as establishing an express agreement is without merit.1

 Judge Toskos properly exercised his discretion when he

declined to award attorney's fees to defendant in this action.

 Affirmed.

1
 We note that by the time defendant made his application to the
court for fees, the Management Order had been superseded by a
different order that did not contain a prevailing party's automatic
entitlement to fees. Instead, the new order reserved to the
arbitrator the ability to award fees "in his sole discretion
. . . for any motion made to enforce this Order."

 7 A-1839-15T2